**Motion Dismissed; Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed September 12, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-24-00642-CV**

---

**IN RE TRAVIS A. BRYAN I AND AMBER N. BRYAN, Relators**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1208789**

## MEMORANDUM OPINION

On September 3, 2024, relators Travis A. Bryan I and Amber N. Bryan filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator recites that the respondent is the Honorable LaShawn A. Williams, presiding judge of the County Civil Court at

Law No. 3 of Harris County, but the substance of the petition is directed at the county clerk of Harris County, the Honorable Teneshia Hudspeth, to "dissolve the writ of possession that was issued on September 3, 2024, or immediately recall the same."

On September 10, 2024, the court notified relators that unless relators demonstrate this court's jurisdiction on or before September 17, 2024, relators' petition for writ of mandamus may be dismissed for want of jurisdiction.

On September 11, 2024, relators filed an amended petition asserting that the trial court abused its discretion by issuing the writ of possession. However, relators acknowledge that "[t]he Clerk of the Trial Court issued a second writ of possession for the Property . . . ." The mandamus record reflects that the writ of possession was signed by the county clerk on September 3, 2024.

This court's power to issue writs is defined in Government Code section 22.221. Section 22.221 grants the court of appeals the authority to issue: (1) writs of mandamus and other writs necessary to enforce their jurisdiction; (2) writs of mandamus against a judge of a district or county court in the court of appeals district; and (3) writs of habeas corpus under specifically defined circumstances involving contempt orders in civil cases. *See* Tex. Gov't Code Ann. § 22.221. We are not authorized to issue writs of mandamus against clerks of court, and relators have not claimed or shown that the relief requested is necessary to enforce the jurisdiction of our court. *See In re Bunton*, No. 14-07-00651-CV, 2007 WL

2

2301413, at *1 (Tex. App.—Houston [14th Dist.] Aug. 14, 2007, orig. proceeding) (mem. op.) (per curiam).

Accordingly, we dismiss relators' amended petition for writ of mandamus for lack of jurisdiction. We further dismiss relators' second emergency motion for temporary relief.

PER CURIAM

Panel consists of Justices Spain, Poissant, and Wilson.